Santiago Boscio, Plaintiff and Appellant, *v.* Board of Examiners of Accountants, Defendant and Appellee.

No. 4880.   Argued June 18, 1929.—Decided July 26, 1929.

D. *Pellón Jr.* and *A. Ayuso,* for appellant.   *James R. Beverly, Attorney General,* and *P. Cordovés Arana, Deputy Attorney General,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Santiago Boscio applied to the District Court of San Juan for a writ of mandamus commanding the Board of Examiners of Public Accountants of Porto Rico to issue in his favor, without any pretext or delay whatever, a diploma of certified public accountant without examination.

The court ordered the issuance of an alternative writ, and the board filed an answer. There were other pleadings from the parties and finally, after the evidence was heard, the court rendered a decision dismissing the petition.

Boscio was not satisfied and took the present appeal. He has assigned in his brief four errors.

In order to form an exact idea of what we consider to be really the only question for determination herein, that is, whether in the circumstances of this case there is ground for the intervention of a court of justice through the writ of mandamus, it seems advisable to transcribe a part of the statement of the case and opinion on which the decision appealed from is based. It is as follows:

"Section 8 of Act No. 42 of March 13, 1927, establishing the Board of Examiners of Accountants, provides as follows:

" 'The board shall exempt from examination any person of good moral conduct, a citizen of Porto Rico in possession of his civil rights, who is over twenty-one years of age and who, prior to the approval of this Act, has practised for at least five years as accountant, chief accountant or auditor with one or more firms or corporations of recognized importance, in the opinion of the board, or with the Insular Government or with a municipality of the first class, or who has practiced for not less than five years as public accountant or as teacher of advanced accounting, and who presents his application to the Board of Examiners of Accountants within the six months following the date on which this Act becomes effective, together with the fees prescribed by Section 5 as well as the documents necessary to show that he is entitled to exemption from examination in accordance with the provisions of this Section.'

"Santiago Boscio Reichard petitioner herein, on February 9, 1928, and after paying the corresponding fees, submitted to the Board of Examiners of Accountants, a petition requesting exemption from examination to secure a certificate of certified public accountant. He alleged in that petition, which is verified, that he is a citizen of Porto Rico, of good moral conduct, in possession of his civil rights, over twenty-one years of age and that he has practiced for more than five years prior to March 13, 1927, as accountant and chief accountant of several firms, government departments and corporations of recognized importance in the commercial world. He enclosed evidence consisting in affidavits from Eduardo Frontera, Domingo Soto Rodríguez and Bartolomé Alcover, bearing date of January 13, 1928; from Ernesto Rubio López, of January 21, 1928; from José García Abreu, of January 20, 1928; from Ramón Montaner, President of the Workmen's Relief Commission, of February 10, 1928; from César A. Borri of the firm of Carvajal, Borri & Co., of February 9, 1928; from Ramón Añeses, of January, 1928; from Fernando Yumet, of January 13, 1928; and from Ignacio Lomba, of February 9, 1928. The board considered the petition and the evidence submitted and on March 30, 1928 it denied the petition on the ground that the petitioner lacked the qualifications provided by law. The petitioner thereupon filed a petition for reconsideration,—the receipt of which was acknowledged to him under date of April 26, 1928, —enclosing therewith a new affidavit from Ignacio Lomba, of M. Lamadrid & Co., dated April 24, 1928; and the board at a meeting held on May 9, decided to investigate through its secretary: the importance of the firm of Carvajal, Borri & Co. of San Juan, how long

the petitioner had been employed, and the positions he had filled therein. The secretary asked the petitioner to furnish evidence regarding these particulars similar to that he enclosed with his petition for reconsideration in regard to the firm of M. Lamadrid & Co., (affidavit of April 24, 1928), but the petitioner failed to furnish this evidence, and by a letter dated May 12, 1928, he requested the return of all the documents which he had filed in order to take proper proceedings. The board acceded to this request on May 16, 1928, although it retained in its possession the said affidavit of Ignacio Lomba, dated April 24, 1928.

"*       *       *       *       *       *       *

"From a careful examination of the evidence submitted by the petitioner to the board with his petition of February 9, 1928, the importance of the firms or corporations where the petitioner had been employed during the statutory period of five years does not appear really to have been shown. That was the ground of the refusal of the petition, according to the testimony of Antonio R. Hernández, secretary of the board. The latter did not act arbitrarily, without justification and for selfish motives, as the petitioner alleges. It seems that the affidavits submitted ought to have been more specific, showing in detail the capital of the firms or corporations, their different lines of business, the time during which the petitioner had been employed therein and the positions filled by him, as was requested from him in the letter relating to the firm of M. Lamadrid & Co., in response to which the affidavit of Ignacio Lomba was amplified by reciting its lines of business, its registration in the mercantile register, its membership in the Chamber of Commerce, its volume of business amounting to more than one million dollars per year, bank deposits, taxes paid, all of which tended to show its importance in the business world. But this affidavit was not taken into consideration by the board, because it seems that the board expected to do so after the petitioner had furnished the data requested in regard to the firm of Carvajal, Borri & Co.

"On May 9, 1928, the board admitted the petition of reconsideration enclosing the aforesaid affidavit of Ignacio Lomba of April 24, 1928 and directed its secretary to inquire into the importance of the firm of Carvajal, Borri & Co., mentioned in the original petition, and it seems to the court that the board thus actually reconsidered and reopened the case, and even though the petitioner later requested the return of the documents in order to take proper proceedings and the board so decided, this did not close the case, as nothing further

was said in its decision and it kept in its possession the original petition, that of reconsideration and the supplemental affidavit of Ignacio Lomba of April 24, 1928, which it had never considered. The case is open and may be considered anew by the board if the petitioner appears and furnishes all the necessary evidence to prove his right and the secretary makes the investigation ordered. The petition of reconsideration has not been denied, because there was merely a withdrawal of part of the evidence.

"But even if the case were closed, as the secretary stated in his testimony—which fact does not appear from the decision—since the original petition was timely presented, the board may, in the furtherance of justice, reopen the case, consider the evidence in its possession, namely, the affidavit of Ignacio Lomba of April 24, 1928, and allow the petitioner, inasmuch as he seems to have acted mistakenly or inadvertently in withdrawing the documents without waiting for the board's decision on reconsideration, to introduce additional evidence and then decide the case as in justice may be required."

There is no doubt that the petitioner has a strong case, which perhaps was not given the proper attention from the start by the board, but we think that the action of the petitioner in applying to the courts at this time is premature.

The law imposes a grave responsibility on the board, which is justified in making an inquiry as thorough as possible in order to ascertain whether a person who applies for a diploma without examination possesses all the legal qualifications. We fail to find in the record anything showing that the board acted beyond its powers. The furnishing of information in regard to a firm which had ceased to exist years ago is not a requirement of impossible performance as alleged by appellant.

The writ of mandamus is an extraordinary remedy highly privileged and courts are only justified in issuing it where it is shown by the facts that it is really necessary. When the petitioner applied to the court the board had not completely closed its doors to him. He must knock at them again, if he insists in his determination, and follow the ordinary course of procedure.

The judgment appealed from must be affirmed.